# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ABULAY NIAN,** | CASE NO. 3:21 CV 2243 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MERRICK GARLAND, et al.,** | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

### INTRODUCTION AND BACKGROUND

This is a habeas corpus action filed by a federal immigration detainee under 28 U.S.C. § 2241. (Doc. 1). Indicating he is an immigration detainee of the Department of Homeland Security in custody in the Seneca County Jail, *pro se* Petitioner Abulay Nian seeks damages and immediate release from custody on the basis that conditions in the Jail violate his constitutional rights. *See id.* In Grounds One through Three of his Petition, he contends COVID-19 conditions in the Jail have resulted in inadequate medical staff and access to health, dental, and mental treatment, as well as to clothing, phone calls, and food; he further asserts the Jail is unsanitary. *See id.* at 6-7. In Ground Four, he complains that the Jail's law library is constitutionally inadequate. *See id.* at 8. With his Petition, Petitioner has filed a motion to proceed *in forma pauperis*. (Doc. 2). That motion is granted, but for the reasons stated below, the Petition is dismissed.

### STANDARD OF REVIEW AND DISCUSSION

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds the Petition must be dismissed without prejudice.

First, a habeas corpus petition under § 2241 is not available to prisoners who are challenging the conditions of their confinement as Petitioner does here. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Sullivan v. Williams*, 2021 WL 1799443, at *2 (N.D. Ohio). Rather, prisoners seeking to challenge the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *see also Martin*, 391 F.3d at 714 (holding that the district court should dismiss the § 2241 claim without prejudice so petitioner could re-file his claims in a civil rights action). Accordingly, to the extent Petitioner challenges the conditions of his confinement and seeks damages, his Petition must be dismissed. If he wishes to pursue claims challenging the conditions of his confinement, he must do so by filing a civil rights complaint.

Second, there is an exception to this rule: some claims related to COVID-19 may be brought in a § 2241 habeas action. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020).[1] But those claims still must be administratively exhausted. *Settle v. Bureau of Prisons,* 2017 WL 8159227, at *2 (6th Cir.)." Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice." *Id.*

The exhaustion requirement serves two main purposes: (1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions

---

1. In *Wilson*, the Sixth Circuit held that prisoners seeking immediate release could pursue relief under § 2241 where they contended there were "no conditions of confinement" at the federal prison in which they were incarcerated that would be sufficient to remedy the constitutional injury they asserted from COVID-19. 961 F.3d at 838.

2

prior to litigation, which preserves both judicial resources and administrative autonomy; and (2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). In addition, exhaustion of available administrative procedures also ensures the Court has an adequate record before it to review the agency action in question. *Id.* at 89; *see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (further citations omitted)).

Here, Petitioner does not allege he has exhausted his administrative remedies in connection with claims he is asserting, including those relating to COVID-19. To the contrary, he indicates he has not raised all appeals available to him in his immigration proceedings and that such proceedings are still pending. *See* Doc. 1, at 2, ¶ 7; 7-8, ¶ 13.

This Court agrees with other courts in this district that have held it necessary for federal prisoners to demonstrate they have exhausted their administrative remedies before seeking habeas corpus relief under § 2241 due to COVID-19 circumstances. *See, e.g.*, *Riley v. Williams*, 2020 WL 8673988, at *1 (N.D. Ohio) (citing cases). Accordingly, as it is apparent Petitioner has not exhausted any claim cognizable under *Wilson*, his Petition is subject to dismissal without prejudice as unexhausted.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

3

ORDERED that the Petition (Doc. 1) in this matter is DENIED and this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE